PATIENCE DRAKE ROGGENSACK, C.J.
¶ 63. (concurring). I write in concurrence because I conclude that Jesse Delebreau's constitutional right to counsel was not violated by Detective Roman Aron-stein's interviews on April 15 and 18 because Delebreau initiated contact with law enforcement and was *567 given Miranda:[1] warnings before each interview. In addition, I agree that the right to counsel under Article I, Section 7 of the Wisconsin Constitution provides the same protections as does the right to counsel under the Sixth Amendment of the United States Constitution.[2] State v. Forbush, 2011 WI 25, ¶ 15, 332 Wis. 2d 620, 796 N.W.2d 741; State v. Sanchez, 201 Wis. 2d 219, 226, 548 N.W.2d 69 (1996).
¶ 64. I write separately because I conclude that the majority opinion overstates the United States Supreme Court's holdings in Montejo v. Louisiana, 556 U.S. 778 (2009). Montejo directs that a defendant who has been charged with a crime must take affirmative action in order to invoke his or her Sixth Amendment right to counsel, and that without an invocation by the defendant, no violation of a defendant's constitutional right to counsel occurs when a defendant is questioned. Id. at 797.
I. BACKGROUND
¶ 65. On March 31, 2011, Jesse Delebreau was taken into custody on a probation hold. Shortly thereafter, he gave a jail employee a written request to speak with a drug enforcement officer.
¶ 66. On April 14, Delebreau was charged with a sale of heroin; he appeared via video-conferencing from the jail on that charge. Attorney William Fitzgerald, of the State Public Defenders Office, also appeared. How *568 ever, Attorney Fitzgerald was uncertain whether he could represent Delebreau due to a potential conflict of interest.
¶ 67. On April 15, Detective Aronstein, a member of the Drug Task Force, met with Delebreau in response to Delebreau's written request. Aronstein met with Delebreau again on April 18. Aronstein gave Delebreau Miranda warnings before the start of each interview. In response to those warnings, Delebreau affirmatively waived his right to counsel.
¶ 68. Delebreau made incriminating statements during both interviews. He also signed a written statement admitting that he sold heroin, based on his self-identification as a participant in a video of the drug sale.
¶ 69. On April 27, a rescheduled initial appearance was held. Delebreau and Attorney Peter Kraft appeared in court, whereupon the court noted, "He's making an appearance for the first time with the attorney that will be representing him as this case goes forward."[3] However, again, the record does not establish whether Delebreau took any affirmative steps that caused Attorney Kraft or any other attorney to appear on his behalf on the pending drug charges.
¶ 70. Prior to trial, Delebreau moved to suppress his statements, claiming Aronstein's interviews violated his Sixth Amendment right to counsel. At the hearing on Delebreau's motion, Attorney Fitzgerald testified that as an attorney for the Public Defenders Office, he would have received notice when "probation and parole indicates that they're going to commence *569 revocation proceedings, and a person from our office goes there to see if those people want to be interviewed for eligibility determination." At this point Attorney Wendy Lemkuil of the Brown County District Attorney's Office interrupted Attorney Leonard Kachinsky's questioning of Attorney Fitzgerald to offer a stipulation.
¶ 71. After accepting the proposed stipulation that established April 14 as the date on which formal charges were filed, Attorney Kachinsky said, "Perhaps there [are] a few more questions as to Mr. Delebreau actually requesting counsel I need to ask." Attorney Kachinsky then asked, "When you interviewed Mr. Delebreau, do the records of your office indicate whether or not he requested the services of the State Public Defender to represent him on criminal charges?" Attorney Lemkuil objected on relevancy grounds, to which objection Attorney Kachinsky explained, "I think the issue is whether or not he requested counsel as opposed to the State Public Defender just jumping in." Attorney Kachinsky accurately perceived the Montejo issue.
¶ 72. Unfortunately, Attorney Kachinsky's question was never answered and consequently, the record does not conclusively establish whether Delebreau took affirmative action to invoke his right to counsel and the date or dates on which any such action may have taken place.
¶ 73. The circuit court denied the motion to suppress. Delebreau was convicted by a jury that was presented with his statements to Aronstein.
*570 II. DISCUSSION
A. Standard of Review
¶ 74. Whether a defendant who has been charged with a crime has invoked his or her right to counsel is a two-part question. Forbush, 332 Wis. 2d 620, ¶ 10. "We uphold the circuit court's findings of historical or evidentiary fact unless they are clearly erroneous." Id. In addition, we independently review the application of constitutional principles to facts found. Id.
¶ 75. Whether a defendant has waived his Sixth Amendment right to counsel by initiating contact with law enforcement is also a question of law for our independent review. Edwards v. Arizona, 451 U.S. 477, 484-85 (1981).
B. Right to Counsel
1. General principles
¶ 76. A defendant's Sixth Amendment right to counsel arises when he or she is charged with a crime. Patterson v. Illinois, 487 U.S. 285, 290 (1988) (explaining that "[t]here can be no doubt that petitioner had the right to have the assistance of counsel at his postindictment interviews with law enforcement"). Under United States Supreme Court precedent, once charges are filed, the "Sixth Amendment guarantees a defendant the right to have counsel present at all 'critical' stages of the criminal proceedings." Montejo, 556 U.S. at 786.
¶ 77. However, the Sixth Amendment right must be invoked before its protections will be afforded. Id. at 789 (reasoning that "a defendant who never asked for *571 counsel has not yet made up his mind in the first instance"). Once a defendant affirmatively invokes his right to counsel, law enforcement cannot badger him into waiving that right. Id. at 794-95 (explaining that a defendant who invokes his right to counsel is protected because "[a]t that point, not only must the immediate contact end, but 'badgering' by later requests is prohibited").
¶ 78. The right to counsel under the Sixth Amendment can be waived, just as the Fifth Amendment right can. Id. at 786. Therefore, when a defendant has been given Miranda warnings, which advise as to the right to counsel and the consequences of proceeding in the absence of counsel and the defendant chooses to answer questions, Miranda warnings are sufficient to provide the foundation for waivers of both the Fifth and the Sixth Amendments rights to counsel. Id.; Patterson, 487 U.S. at 296. The right to counsel also can be waived before or after its invocation by a defendant who initiates contact with law enforcement and volunteers a statement. State v. Kramar, 149 Wis. 2d 767, 785-86, 440 N.W.2d 317 (1989).
2. Delebreau's rights
¶ 79. At the time Delebreau spoke to Aronstein, the record does not reflect whether Delebreau had affirmatively invoked his Sixth Amendment right to counsel. Attorney Kachinsky recognized that although the Sixth Amendment right to counsel attaches when criminal charges are filed, Delebreau nevertheless had the obligation to invoke that right before Sixth Amendment protections would be afforded to him. Montejo, 556 U.S. at 797 (concluding that " [i]f Montejo made a clear assertion of the right to counsel when the officers approached him about accompanying them on the *572 excursion for the murder weapon, then no interrogation should have taken place unless Montejo initiated it"). However, Attorney Kachinsky's questioning of Attorney Fitzgerald left in doubt whether Delebreau had invoked his Sixth Amendment right to counsel.
¶ 80. Here, however, even assuming arguendo that Delebreau did affirmatively invoke his Sixth Amendment right to counsel, Delebreau's statements to law enforcement were initiated by his written request to speak with drug enforcement personnel. Aron-stein's interviews with Delebreau on April 15 and April 18 occurred in direct response to Delebreau's written request. Furthermore, prior to each interview, Aron-stein read Delebreau Miranda warnings and Delebreau affirmatively chose to proceed. Those warnings were sufficient protection for Delebreau's Sixth Amendment right to counsel. Id. at 786; Patterson, 487 U.S. at 296. Therefore, no constitutional right was violated when Aronstein interviewed Delebreau, and the circuit court did not err in denying Delebreau's suppression motion.
III. CONCLUSION
¶ 81. Delebreau's constitutional right to counsel under state and federal constitutional provisions was not violated by Aronstein's interviews because Delebreau initiated contact with law enforcement and he was given Miranda warnings before each interview. Accordingly, I respectfully concur to the majority opinion.

 Miranda v. Arizona, 384 U.S. 436 (1966).

 Because I write in concurrence and because this is not a new conclusion, I do not further detail that the Sixth Amendment of the United States Constitution and Article I, Section 7 of the Wisconsin Constitution provide the same protections to a defendant who has been charged with criminal conduct.

 The record reflects that on May 5, 2011, Delebreau and Attorney Genelle Johnson appeared. A waiver of the preliminary hearing was made and accepted.